UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Gregory Davis | |

**Proceedings:**     DEFENDANTS MOTION TO DISMISS (Dkt. 8, filed January 7, 2016)

## I.    INTRODUCTION

On November 4, 2015, plaintiff Patrick T. Major, proceeding *pro se*, filed this action against defendants Imortgage.com, Inc. ("Imortgage") and Does 1 through 25 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1. Plaintiff asserts claims against defendants for (1) rescission of a mortgage pursuant to the Truth in Lending Act ("TILA"); (2) damages for failure to comply with the rescission provisions of TILA; (3) quiet title; (4) cancellation of an instrument; and (5) declaratory relief. See generally Compl. On December 18, 2015, defendants removed this action to this Court. Dkt. 1.

On December 28, 2015, defendants filed the instant motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6). Dkt. 8. On January 7, 2016, plaintiff filed an opposition, Dkt. 10, and on January 25, 2016, defendants filed a reply, Dkt. 11. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

On June 9, 2006, plaintiff obtained a mortgage from defendant, Imortgage, in order to finance the purchase of a residential property located at 1167 Shady Creek Drive, San

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

Bernadino, CA 94207. Compl., at 4.[1] As part of this transaction, plaintiff signed and executed a promissory note. Id. The promisory note stated that the "Lender" for plaintiff's loan was "MTH Mortgage, LLC, a Delaware Corporation." Promissory Note, at 1. Thereafter, Imortgage filed a deed of trust with the San Bernadino County Recorder's Office asserting a security interest in the property. Compl., Ex. A. Plaintiff alleges that, despite the representations made in his loan documents, at no point during this transaction, did he learn the actual "source of funds" for his loan. Id. at 6. Plaintiff further alleges that the identity of the actual lender—i.e., the true "source of funds"—for his loan has never been identified. Id.

On May 22, 2012, an assignment of plaintiff's deed of trust was recorded, assigning the mortgage to the Bank of New York. Id., Ex. B. According to plaintiff's complaint, the mortgage on his property was then securitized and sold, numerous times. Id. at 9. Plaintiff avers that there was no record of these subsequent assignments made on the deed of trust. Id. On June 20, 2015, plaintiff mailed a "Notice of Rescission" to Bank of America, his loan's servicer, purporting to rescind the mortgage pursuant to TILA. Id. at 11-12.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

---

[1] In his complaint plaintiff alleges that he "entered into a consumer loan transaction" on June 13, 2006. Compl., at 4. However, the Deed of Trust for plaintiff's mortgage, which is attached as Exhibit A to plaintiff's complaint is dated June 9, 2006. As a publicly recorded document the Court may take judicial notice of plaintiff's Deed of Trust. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court refers to June 9, 2006 as the date on which plaintiff obtained his mortgage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### IV. ANALYSIS

Defendants argue that plaintiff's TILA rescission claim should be dismissed because it is barred by the applicable statute of limitations. The Court agrees. Pursuant to TILA, a borrower has an unconditional right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). After this three-day period, a borrower then has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski, 135 S.Ct. At 792. The conditional right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." 15 U.S.C. § 1635(f). A borrower's right to rescind is "completely extinguishe[d]" at the end of the three-year period. Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f)'s plain language evidences an unconditional congressional intent to limit the right of rescission to three years.").

In order for plaintiff to have effectively rescinded his mortgage, he was required to invoke the conditional right to rescind within the statutory three-year period. Here, plaintiff entered into a "consumer loan transaction" with Imortgage on or around June 9, 2006. Compl., at 4. Accordingly, it follows that, to the extent plaintiff had a valid grounds for rescinding his mortgage, he was required to exercise that right by June of 2009. However, plaintiff did not mail his purported "Notice of Rescission" to Bank of America, the servicer of his loan, until June 20, 2015—more than 6 years after the expiration of the statutory three-year period. Accordingly, plaintiff could not validly have rescinded his loan in 2015.

Nonetheless, plaintiff raises several arguments that his claim should not be considered time-barred, none of which is persuasive. First, plaintiff argues that his loan has never been "consummated" and, therefore, the statute of limitations on his right to rescind has not yet begun to run. "Consummation means the time that a consumer becomes contractually obligated on a credit transaction." Monaco v. Bear Stearns Residential Mortgage Corp., 554 F. Supp. 2d 1034, 1039 (C.D. Cal 2008) (citing 12 C.F.R. § 226.2(a)(13)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

    Here, plaintiff became "contractually obligated on a credit transaction" when he entered into his mortgage on or around June 9, 2006. See Compl. Ex. A; see also Larson v. California Federal Bank, 1996 WL 47091, *1-3 (9th Cir. 1996) (holding that "the loan agreement between [plaintiffs] and [defendant-Bank] was consummated October 26, 1990," the date plaintiffs signed loan documents including a loan commitment letter, promissory note, and a deed of trust.). Accordingly, as of that date, the mortgage was "consummated" within the meaning of TILA. This consummation of the mortgage is evidenced by plaintiff's promissory note, which contains his signature and is dated June 9, 2006. See Promissory Note.

    Plaintiff argues that because "the true 'source of the funds' has yet to be identified and revealed to plaintiff . . . Plaintiff's loan transaction has not been consummated." Opp'n., at 6. There is some authority for the proposition that where loan documents do not reveal the identity of the lender, the signing of those documents does not consummate the loan. See Jackson v. Grant, 890 F.2d 118, 121 (9th Cir. 1989) (holding that a loan executed by the plaintiff was not consummated at the time plaintiff signed the deed of trust because the name of the lender was left blank on the deed of trust and the promissory note.). However, here, the promissory note for plaintiff's loan clearly identifies the lender as "MTH Mortgage, LLC." Promissory Note, at 1. Plaintiff appears to suggest that there are some undisclosed "hidden investors" who are the "true lender" for plaintiff's mortgage. Id. at 6. However, even assuming that there were "hidden investors" for plaintiff's mortgage, he provides no authority suggesting that, where the lender is otherwise disclosed, such "hidden investors" must also be disclosed before a loan can be consummated. Accordingly, the Court finds that plaintiffs' loan was consummated in June, 2006.

    Second, plaintiff argues that, even assuming his loan was consummated in June, 2006, the Court should find that his claim is not time-barred under the doctrine of equitable tolling. Specifically, he claims that defendants fraudulently concealed the identity of the "true source of funds" for his mortgage. For purposes of the TILA, the rescission period "runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). "Where the basis of equitable tolling is fraudulent concealment, the basis for tolling must be pled with particularity pursuant to Fed. R. Civ.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

P. 9(b)." Molina v. OneWest Bank, FSH, 903 F.Supp.2d 1008, 1018 (D. Haw. 2012) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 662 (9th Cir. 1999)). Additionally, "the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations." Garcia v. Wachovia Mortg. Corp., 676 F.Supp.2d 895, 906 (C.D. Cal. 2009). Where nothing prevents a plaintiff from comparing a loan contract, the lender's disclosures, and TILA's statutory and regulatory requirements, there can be no tolling. Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996).

      Here, plaintiff alleges that, at the time his loan was executed, defendants concealed from him the identity of certain "hidden investors" who were the "true source of funds" for his mortgage. However, plaintiff provides only conclusory allegations that defendants fraudulently concealed the identify of hidden investors. And, even assuming that such hidden investors existed, plaintiff has failed to explain why he could not have discovered this information during TILA's three-year statutory period, not to mention in the nine years since his loan was consummated. Accordingly, plaintiff has failed to plead with particularity facts showing that the statute of limitations should be tolled on the basis of fraudulent concealment.

      Finally, even if plaintiff's TILA rescission claim were not time-barred, it would still fail substantively. First, the right to rescind a loan under TILA does not apply to residential mortgages, such as plaintiffs. See 15 U.S.C. § 1635(e)(1) ("This section [governing the right of rescission under TILA] does not apply to . . . a residential mortgage transaction as defined in section 1602(w) of this title"); See also Gonzalez v. GMAC Mortg. LLC, 2010 WL 3245818, at *3 (C.D. Cal. Aug. 17, 2010) ("Plaintiffs allege that the loan at issue was used to finance the acquisition of their home. Accordingly, the Court concludes the that the mortgage transaction at issue in this case was a residential mortgage transaction within the meaning of 15 U.S.C. § 1602(w), and thus Plaintiffs have no right to rescind under TILA.").

      Second, even if plaintiff could rescind his mortgage, it is not clear that plaintiff provided notice of his intent to rescind to the appropriate party. Under TILA, a borrower must provide notice of its intent to rescind a consumer credit transaction to the "creditor" on the loan. See 15 U.S.C. § 1635(a) ("[T]he obligor shall have the right to rescind the transaction . . . by notifying *the creditor* . . . of his intention to do so.") (emphasis added); see also Jesinoski, 135 S.Ct. At 792 ("Section 1635(a) explains in unequivocal terms how

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*.") (emphasis in original). TILA's implementing regulation, Regulation Z, defines "creditor" as "[a] person who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than four installments (not including a down payment), and *to whom the obligation is initially payable*, either on the face of the note or contract, or by agreement when there is no note or contract. 12 C.F.R. § 226.2(a)(17) (emphasis added). Here, the promissory note clearly states that the lender—i.e., the entity to which "the obligation is initially payable"—is MTH Mortgage LLC. See Promissory Note, at 1 ("In return for a loan that I have received, I promise to pay $350,000.00 . . . plus interest, to the order of the Lender. The lender is MTH Mortgage, LLC, a Delaware Corporation."). However, in his complaint, plaintiff only alleges that he provided notice of his intent to rescind to Bank of America, the servicer of his loan. The Ninth Circuit has held that providing notice to the servicer of a loan does not constitute notice to the creditor of that loan. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) ("While the Bank's servicing agent, Countrywide, received notice of cancellation within the relevant three-year period, no authority supports the proposition that notice to Countrywide should suffice for notice to the Bank."). Accordingly, plaintiff has failed to allege that he provided notice to the "creditor" of his loan and, therefore, his purported rescission is ineffective for this reason as well.

For all of the foregoing reasons, the Court finds that plaintiff has failed to state a claim for rescission of his mortgage pursuant to TILA. Moreover, each of plaintiff's remaining claims is predicated on plaintiff's purported rescission of his mortgage. Because the Court finds that plaintiff has failed to allege facts showing that his mortgage was, in fact, rescinded, plaintiffs remaining claims must also fail.

Accordingly, the Court GRANTS WITHOUT PREJUDICE defendants' motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | February 8, 2016 |
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff is hereby granted **thirty (30) days** in which to file an amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

|  |  | 00 | : | 02 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |