UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O' JS-6

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present     Emma Jacobson
    Gregory Davis (By Telephone)

**Proceedings:** DEFENDANTS MOTION TO DISMISS (Dkt. 14, filed March 23, 2016)

## I. INTRODUCTION

On November 4, 2015, plaintiff Patrick T. Major, proceeding *pro se*, filed this action against defendants Imortgage.com, Inc. ("Imortgage") and Does 1 through 25 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1. On December 18, 2015, defendants removed this action to this Court. Id. On December 28, 2015, defendants filed a motion to dismiss plaintiff's complaint. Dkt. 8. On February 8, 2016, the Court granted this motion without prejudice. Dkt. 12. On March 8, 2016 plaintiff filed the operative First Amended Complaint ("FAC") in this action. Dkt. 13. In the FAC, plaintiff asserts a single claim for declaratory relief relating to alleged violations by defendants of the Truth in Lending Act ("TILA"). Id.

On March 23, 2016, defendants filed a motion to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 14. On April 1, 2016, plaintiff filed an opposition, Dkt. 15, and on May 2, 2016, defendants filed a reply, Dkt. 17. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On June 9, 2006, plaintiff obtained a mortgage from defendant, Imortgage, in order to finance the purchase of a residential property located at 1167 Shady Creek Drive, San

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

Bernadino, CA 94207. FAC at 8.[1] As part of this transaction, plaintiff signed and executed a promissory note. Id. Thereafter, Imortgage filed a deed of trust with the San Bernadino County Recorder's Office asserting a security interest in the property. Mot., Ex. A. Plaintiff alleges that, despite the representations made in his loan documents, at no point during this transaction, did he learn the actual "source of funds" for his loan. FAC at 10-11. Plaintiff further alleges that the identity of the actual lender—i.e., the true "source of funds"—for his loan has never been identified. Id. at 11.

On June 20, 2015, plaintiff states that he mailed a "Notice of Rescission" to Bank of America, his loan's servicer, purporting to rescind the mortgage pursuant to TILA. Id. at 19. Plaintiff's chief contention in this action is that, upon receipt of this notice by Bank of America, his mortgage loan was recorded by operation of law.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

---

[1] In his complaint plaintiff alleges that he "entered into a consumer loan transaction" on June 13, 2006. Compl., at 8. However, the Deed of Trust for plaintiff's mortgage, which is attached as Exhibit A to defendant's motion is dated June 9, 2006. As a publicly recorded document the Court may take judicial notice of plaintiff's Deed of Trust. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court refers to June 9, 2006 as the date on which plaintiff obtained his mortgage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

     In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

     Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

     As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

## IV. ANALYSIS

In his complaint, plaintiff asserts a single claim for declaratory relief. At base, plaintiff's claim turns on his assertion that his mortgage loan was rescinded by operation of law on June 20, 2015 when he sent a notice of rescission to his loan servicer, Bank of America. However, the Court has previously ruled that this attempted rescission of plaintiff's loan was not timely under TILA. Specifically, the Court explained that, pursuant to TILA, a borrower has a conditional right to rescind "if the[ir] lender failed to satisfy [TILA's] disclosure requirements." Jesinoski v. Countrywide Home Loans, Inc., 135 S.Ct. 790, 792. However, this conditional right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." 15 U.S.C. § 1635(f); see also Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f)'s plain language evidences an unconditional congressional intent to limit the right of rescission to three years."). In the instant case, plaintiff consummated his loan on or around June 9, 2006, but did not submit a notice of rescission to Bank of America until June 20, 2015—more than 6 years after expiration of the statutory three-year period. Accordingly, the Court found that plaintiff's purported rescission of his mortgage loan was not timely.

In his complaint and opposition, plaintiff raises no new factual allegations, but rather reiterates the same legal arguments the Court has already rejected in ruling on defendants' earlier motion to dismiss. Notably, in the Court's prior order it explained that, while the doctrine of equitable tolling could theoretically apply to plaintiff's case, plaintiff had "failed to plead with particularity facts showing that the statute of limitations should be tolled." Dkt. 12, at 6. In the FAC plaintiff has alleged no additional facts to support his argument for equitable tolling.

Moreover, in its prior order, the Court explained that, in addition to being untimely, plaintiff's purported rescission of his mortgage loan was also substantively defective. Specifically, the Court explained that "the right to rescind a loan under TILA does not apply to residential mortgages, such as plaintiffs." Id. (citing 15 U.S.C. § 1635(e)(1) ("This section [governing the right of rescission under TILA] does not apply to . . . a residential mortgage transaction as defined in section 1602(w) of this title"); Gonzalez v. GMAC Mortg. LLC, 2010 WL 3245818, at *3 (C.D. Cal. Aug. 17, 2010) ("Plaintiffs allege that the loan at issue was used to finance the acquisition of their home. Accordingly, the Court concludes that the mortgage transaction at issue in this case was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

residential mortgage transaction within the meaning of 15 U.S.C. § 1602(w), and thus Plaintiffs have no right to rescind under TILA."). Accordingly, the Court concludes, once again, that because plaintiff's mortgage was a residential mortgage, plaintiff had no right to rescind under TILA.

Because plaintiff's attempted rescission of the Loan was both procedurally and substantively defective, his claim for declaratory relief fails as a matter of law. The Court, therefore, GRANTS defendants' motion to dismiss the FAC. Moreover, the Court dismisses the FAC with prejudice. The Court has already granted plaintiff the opportunity to amend his complaint and plaintiff has failed to add any additional allegations.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITH PREJUDICE** defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |