UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) - MOTION TO VACATE JUDGMENT OF DISMISSAL (Dkt. 23, filed June 3, 2016).

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of July 11, 2016, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On November 4, 2015, plaintiff Patrick T. Major, proceeding *pro se*, filed this action against defendants Imortgage.com, Inc. ("Imortgage") and Does 1 through 25 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1. On December 18, 2015, defendants removed this action to this Court. Id. On December 28, 2015, defendants filed a motion to dismiss plaintiff's complaint, Dkt. 8, which the Court granted without prejudice, Dkt. 12. On March 8, 2016 plaintiff filed a First Amended Complaint ("FAC") in this action. Dkt. 13. In the FAC, plaintiff asserted a single claim for declaratory relief relating to alleged violations by defendants of the Truth in Lending Act ("TILA"). Id.

On March 23, 2016, defendants filed a motion to dismiss the FAC for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 14. On May 16, 2016, the Court granted this motion with prejudice. Dkt. 22. In brief, the Court concluded that plaintiff had failed to state a claim for relief under TILA because (1) plaintiff's purported recission of his mortgage had not been timely; and (2) even if plaintiff had timely attempted to rescind his mortgage, TILA does not apply to residential mortgages such as plaintiff's. Id. at 4-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

 On June 3, 2016, plaintiff filed a motion to vacate the Court's prior judgment of dismissal. Dkt. 23. On June 20, 2016, defendants filed an opposition to this motion. Dkt. 24. Plaintiff has not filed a reply. Having considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

 Under Rule 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id.

 Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit recently confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **'O'**

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

### III. ANALYSIS

As noted above, Rule 60(b) provides six grounds on which a court may vacate one of its prior orders. In his motion, plaintiff only argues that "the Court exceeded its jurisdictional powers which rendered the order void." Mot., at 5. Pursuant to Rule 60(b)(4), a court may vacate its prior order if the court determines that it lacked jurisdiction to issue the order in the first place. Nonetheless, contrary to plaintiff's assertion, the Court did have jurisdiction to grant defendants' motion and dismiss the FAC with prejudice. The FAC asserted a single claim for declaratory relief predicated on alleged violations of TILA. TILA is a federal statute and, as such, this Court had federal question jurisdiction over plaintiff's action. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Indeed, even plaintiff in the FAC acknowledged that the Court had subject matter jurisdiction over his action. See FAC, at 2 ("This Court has proper subject matter [j]urisdiction over the within action . . . Jurisdiction is conferred on this court by 15 U.S.C. § 1640(e), 28 U.S.C. §§ 1331, 1337 and by the doctrine of pendent jurisdiction."). Accordingly, plaintiff has failed to set forth a valid basis for the Court to vacate its prior order. See Espinosa, 559 U.S. at 271 ("Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction.") (citing United States v. Boch Oldsmobile, 909 F.2d 567, 661–662 (1st Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void")).

Additionally, plaintiff devotes much of his motion to arguing that the Court erroneously dismissed the FAC. However, in support of his motion, plaintiff raises no new arguments the Court has not already addressed in its prior orders. And plaintiff fails to respond to the Court's prior findings that his TILA claim is untimely and that TILA does not apply to residential mortgages such as plaintiff's. Accordingly, the Court DENIES plaintiff's motion to vacate the Court's prior order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-02592-CAS(DTBx) | Date | July 7, 2016 |
|---|---|---|---|
| Title | PATRICK T. MAJOR v. IMORTGAGE.COM, INC., et al. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's motion to vacate the Court's prior order dismissing the FAC with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |